**LUM, DRASCO & POSITAN LLC**
Elizabeth Y. Moon, Esq.
103 Eisenhower Parkway, Suite 401
Roseland, NJ  07068-1049
(973) 403-9000
(973) 403-9021 (Facsimile)
emoon@lumlaw.com
*Attorneys for Defendant, AutoZoners, LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM ACEVEDO AYALA,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONERS, LLC,<br><br>Defendant. | Civil Action No.: 1:22-cv-4972<br><br><br><br>**NOTICE OF REMOVAL** |

Defendant, AutoZoners, LLC, ("AutoZone"), files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, from a lawsuit filed by Plaintiff, William Acevedo Ayala, in the Superior Court of New Jersey, Law Division, Cumberland County, docket number: CUM-L-000022-22, styled: *William Acevedo Ayala v. AutoZoners, LLC, et al.* (hereinafter, "State Court Action").

### THE NOTICE OF REMOVAL IS TIMELY

1.      On March 11, 2022, Plaintiff filed the State Court Action against AutoZoners, LLC;[1] John (Last Name Unknown); Abuid Reyes; Tammy Weaver; and John Does 1-25.  As noted

---

[1] Plaintiff filed the original Complaint against AutoZone, Inc. on January 11, 2022. However, Plaintiff amended the complaint to correct the name of the employer to AutoZoners, LLC.  AutoZone was served with the original Complaint on February 28, 2022.

below, attached as Exhibit A is a copy of all process, pleadings, and order served on AutoZone in the State Court Action to date.

2.      On May 28, 2022, the Superior Court of New Jersey entered a Dismissal Notice advising the parties that it would dismiss the individually named defendants on July 26, 2022 for lack of prosecution without prejudice pursuant to Rule 1:13-7 or Rule 4:43-2 of the New Jersey Court Rules.

3.      Defendant filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint, Designation of Trial Counsel, and Demand Pursuant to Rule 1:4-8 on June 2, 2022.

4.      On July 30, 2022, the Superior Court entered an Order dismissing without prejudice the State Court Action against the individually named defendants for lack of prosecution.

5.      Removal in this case is timely under 28 U.S.C. § 1446(b)(3) given that it is being filed within thirty days after the case has become removable due to the dismissal of the action against the individual defendants.

## JURISDICTION EXISTS BASED ON DIVERSITY OF CITIZENSHIP AND THE AMOUNT IN CONTROVERSY

6.      28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332(a)(1) provides that a United State District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

7.      Removal in this case is now proper because the Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1).

8.      Plaintiff's First Amended Complaint ("FAC") alleges that he is a resident of the State of New Jersey.  (FAC, p. 1).

9.      The sole member of Defendant AutoZone is AutoZone Investment Corporation. AutoZone Investment Corporation (a corporation) is incorporated in Nevada and maintains its principal place of business in Tennessee.  All major corporate business decisions are made and annual sales meetings are held in Memphis, Tennessee.

10.     Accordingly, Plaintiff and the only remaining Defendant, AutoZone, are citizens of different states, and, as explained below, the substantive allegations of Plaintiff's Amended Complaint can fairly be read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

<u>Amount in Controversy</u>

11.     Plaintiff asserts claims for race discrimination, hostile work environment, and retaliation under the New Jersey Law Against Discrimination ("NJLAD"), and a retaliation claim under the New Jersey Conscientious Employee Protection Act ("CEPA").

12.     Plaintiff seeks "compensatory damages, physical pain and suffering, back pay, front pay, punitive damages, interest, attorney's fees, costs of suit, reinstatement, and such other relief as is just and equitable." (FAC, pp. 6, 7).

13.     Plaintiff does not demand a specific amount of damages and does not allege that the amount he seeks is less than $75,000.

14.     Even though Plaintiff makes no demand for a specific amount of damages, assuming solely for purposes to this application that Plaintiff could succeed on his claims, over $75,000 is in controversy, and the $75,000 jurisdictional threshold under 28 U.S.C. §1332(a) is satisfied.

15.     First, with respect to Plaintiff's compensatory damages, he alleges he has suffered "annoyance, inconvenience, stress, anxiety, depression, humiliation, physical pain and suffering, severe emotional distress and pecuniary loss."  (FAC, ¶¶ 57, 67).

16.     Second, considering Plaintiff's claims for punitive damages, the fee-shifting provisions of the NJLAD and CEPA, and the substance of the allegations made by Plaintiff (not admitted by Defendant), over $75,000.00 is in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

17.     Punitive damages, if awarded, can increase the amount recovered by Plaintiff beyond the jurisdictional requirement where, as here, punitive damages are available as a matter of state substantive law for actions alleged by Plaintiff.  *See Hann v. Home Depot*, 2019 U.S. Dist. LEXIS 19643, * 9 (D.N.J. Feb. 7, 2019) (NJLAD); *Maiorino v. Schering-Plough Corp.*, 302 N.J. Super. 323, 353-54 (App. Div. 1997) (NJLAD); *Kelly v. County of Monmouth*, 380 N.J. Super. 552 (App. Div. 2005) (assault).  In such cases, punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of a plaintiff's claim is below the statutory minimum.  *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004); *Hann*, 2019 U.S. Dist. LEXIS 19643, at * 9; *accord*, *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993).

18.     Attorney's fees are necessarily part of the amount in controversy if there is fee-shifting (*i.e.*, if attorney's fees are available to successful plaintiffs under the statutory cause of action).  *Suber v. Chrysler Com.*, 104 F.3d 578, 585 (3d Cir. 1997); *Zanger v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 105028, *13-14 (D.N.J. Oct. 10, 2010).  Such is the case here under the NJLAD and CEPA.  *See N.J.S.A.* § 10:5-27.1; *N.J.S.A.* §§ 34:19-5(e), 34:19-6.

19.     Further, the Court should not consider in its jurisdictional inquiry the sufficiency of Plaintiff's claims or whether the legal theory advanced by the Plaintiff is probably unsound. *Suber, supra*, 104 F.3d at 585. Here, on their face, the allegations made by Plaintiff in his Amended Complaint are substantial (but not admitted by Defendant). The Court must measure the jurisdictional amount "not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

20.     Combining potential attorney's fees, punitive damages, damages for "severe" emotional distress, and other damages that Plaintiff is seeking in this case, the amount in controversy well exceeds $75,000. *Hann v. Home Depot*, 2019 U.S. Dist. LEXIS 19643, * 11 (D.N.J. Feb. 7, 2019) (denying plaintiff's motion to remand because the alleged damages for the plaintiff's NJLAD claims—compensatory damages for economic loss and severe emotional noneconomic loss, punitive damages, and attorneys' fees—"readily establish the jurisdictional threshold").

### THE REQUIREMENTS OF REMOVAL HAVE BEEN MET

21.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District embraces the place where the State Court Action has been pending.

22.     AutoZone certifies that written notice of the filing of this Notice of Removal will promptly be given to Plaintiff and to the Clerk of the Superior Court of New Jersey, Law Division, Cumberland County, as required by 28 U.S.C. § 1446(d).

23.     As set forth above, true and correct copies of all pleadings and orders in the State Court Action are attached hereto as Exhibit A.

Dated:  August 9, 2022                    Respectfully submitted,

                                          **LUM, DRASCO & POSITAN LLC**
                                          *Attorneys for Defendants, AutoZoners, LLC*


                                          / s /  Elizabeth Y. Moon
                                          ELIZABETH Y. MOON, ESQ.

# EXHIBIT A

**AIELLO, HARRIS, MARTH, TUNNERO, & SCHIFFMAN, P.C.**
**SEBASTIAN B. IONNO, II, ESQ.**
**ATTORNEY ID 025992002**
**140 S. BROADWAY, SUITE 5**
**PITMAN, NJ 08071**
**TELEPHONE: (856) 553-6810**
**sionno@aielloharris.com**
**ATTORNEYS FOR THE PLAINTIFF**

| | |
|---|---|
| WILLIAM ACEVEDO AYALA,<br><br>     Plaintiff,<br><br> v.<br><br>AUTOZONERS, LLC, JOHN (LAST NAME UNKNOWN), ABUID REYES, TAMMY WEAVER, AND JOHN DOES 1-25, INCLUSIVE, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CIVIL DIVISION - CUMBERAND COUNTY<br><br>Docket No.: CUM-22-22<br><br>Civil Action<br><br>**AMENDED COMPLAINT, DEMAND FOR JURY TRIAL, DESIGNATION OF TRIAL COUNSEL, AND DEMAND PURSUANT TO RULE 1:4-8** |

Plaintiff , William Acevedo Ayala, residing in the County of Cumberland, State of New Jersey by way of Complaint against Defendants says:

### COUNT ONE

1.    At all relevant times herein, Plaintiff William Acevedo Ayala was employed by Defendant AutoZoners, LLC, doing business as AutoZone ("Defendant AutoZone").

2.    At all relevant times herein, Defendant AutoZone was an entity created and existing pursuant to law and doing business in New Jersey and was the employer of Plaintiff, Defendants John (Last Name Unknown; "Defendant John"), Abuid Reyes ("Defendant Reyes"), Tammy Weaver ("Defendant Weaver") and Defendants John Does 1-25, all of whom acted within the course and scope of their employment as well as outside the course and scope of their employment in connection with the discriminatory and retaliatory acts referred to herein.

1

3.     At all relevant times herein, Defendant John was store manager at AutoZone's Glassboro store and the highest-level management employee onsite and acted within and outside the course and scope of his employment to violate Plaintiff's statutory and civil rights.

4.     At all relevant times herein, Defendant Weaver was the Store Manager at AutoZone's Millville store and the highest-level management employee onsite, and acted within and outside the course and scope of her employment to violate Plaintiff's statutory and civil rights.

5.     At all relevant times herein, Defendant Reyes was an AutoZone District Manager and upper management level employee supervising Defendants John and Weaver, and acted within and outside the course and scope of his employment to violate Plaintiff's statutory and civil rights.

6.     Plaintiff is a member of a protected class under the New Jersey Law Against Discrimination ("LAD"), insofar as Plaintiff is an African American.

7.     At all material times herein, Defendants had an affirmative duty under the LAD to refrain from subjecting employees to adverse employment action or disparate treatment on the basis of their membership in a protected class.

8.     Upon information and belief, Defendants failed to maintain effective policies and procedures and provide effective training and supervision to prevent discriminatory misconduct by its employees.

9.     Upon information and belief, Defendants failed to prominently display an antidiscrimination policy.

10.     At all material times herein, Defendants had an affirmative duty under the LAD to refrain from subjecting employees to adverse employment actions in retaliation for engaging in LAD protected conduct.

2

11.     Upon information and belief, Defendants failed to maintain effective policies and procedures and provide effective training and supervision to prevent retaliatory misconduct by its employees.

12.     Upon information and belief, Defendants failed to prominently display an antiretaliation policy.

13.     Plaintiff was hired by Defendant AutoZone on or around March 30, 2018.

14.     Plaintiff was employed as a Commercial Driver.

15.     At all material times Plaintiff performed the essential duties of his job diligently, professionally, and competently.

16.     On or around April 10, 2020, Plaintiff was delivering parts to a caucasian customer.

17.     The customer at this time told Plaintiff to "stop playing nigger music."

18.      Plaintiff immediately reported the incident to his Commercial Manager and requested not to be sent back to make deliveries to the customer who had used this offensive racial slur.

19.     Despite Plaintiff's very reasonable request not to be asked to have future contact with an obviously racist individual Plaintiff was thereafter sent to make deliveries to the same customer.

20.     The customer continued to be extremely rude and standoffish to Plaintiff and continued to use foul language.

21.     The customer also kept a large dog near him when speaking to Plaintiff.

22.     Plaintiff spoke with another African American driver, who advised that the same customer had also used the word "nigger' in his presence.

23.     Plaintiff felt extremely uncomfortable continuing to interact with this customer.

3

24.     On or around April 15, 2020, Plaintiff explicitly objected, stating that he felt being assigned to make further deliveries to and have further interactions with this particular customer was discriminatory.

25.     Plaintiff again requested that he be assigned no further deliveries to this customer.

26.     In response to Plaintiff's objection to discrimination and reasonable request to not be required to interact with a racist customer, on or about April 24, 2020, Plaintiff's driving duties were taken away entirely.

27.     Plaintiff's hours were reduced.

28.     Plaintiff was assigned in-store duties only.

29.     On or around November 9, 2020, Plaintiff objected to Defendant John that he had been removed from his driving duties in retaliation for reporting a racially hostile work environment and refusing to have any further interaction with a white customer who used the word "nigger."

30.     Plaintiff also objected to the retaliation he was suffering, telling Defendant John that after he complained about the incident with the customer, he had been excluded from driving duties.

31.     Defendant John at this time falsely accused Plaintiff of threatening him.

32.     Defendant John threatened to report Plaintiff to Defendant Reyes.

33.     Plaintiff at this time requested to be transferred from AutoZone's Glassboro store and Defendant John's supervision to another worksite.

34.     Defendant Reyes advised that Plaintiff could be transferred to AutoZone's Millville store.

4

35.     Defendant Reyes advised that upon being transferred to Millville, Plaintiff would resume his duties as a commercial driver.

36.     Plaintiff then accepted the transfer from Glassboro to Millville on or around November 23, 2020.

37.     After being transferred Plaintiff was still not permitted to resume his commercial driving duties.

38.     Plaintiff was still assigned only in-store work by Defendant Weaver.

39.     On or around November 25, 2020, Plaintiff complained to Human Resources that he was still not being assigned commercial driving duties.

40.     Plaintiff complained specifically that this was ongoing discrimination.

41.     On or around December 5, 2020, Defendant Reyes then advised Plaintiff that he was recommending Plaintiff's termination.

42.     Defendant Reyes represented that he was recommending Plaintiff's termination because of Defendant John's report that Plaintiff had "assaulted" him while working at the Glassboro store.

43.     This did not make any sense, because Defendant Reyes was already in receipt of Defendant John's false complaints about Plaintiff when Defendant Reyes agreed Plaintiff should be transferred from Glassboro to Millville.

44.     The only thing that had changed between Defendant Reyes agreeing Plaintiff should be transferred and Defendant Reyes recommending Plaintiff should be terminated was that Plaintiff had reported ongoing discrimination and loss of job duties to Human Resources.

45.     On or around January 28, 2021, Plaintiff overheard Defendant Weaver telling her Assistant Manager that Plaintiff "complained too much about white people."

46.     Plaintiff was terminated on February 18, 2021.

47.     Plaintiff was advised of his termination by Human Resources representative Melissa Curry.

48.     As pretext for the discriminatory termination of Plaintiff's employment Defendants John, Reyes, and Weaver all made false complaints that Plaintiff had assaulted or threatened them.

49.      Plaintiff was specifically advised by Melissa Curry that the reason for his termination was that he had reportedly assaulted Defendant Reyes on February 11, 2021.

50.     Plaintiff never assaulted or threatened to assault any of the Defendants.

51.     Defendants' accusations that Plaintiff had assaulted or threatened them were entirely false, malicious, and fabricated to create a purported, non-discriminatory, non-retaliatory pretext for Plaintiff's termination.

52.     Defendants had no legitimate non-discriminatory, non-retaliatory reason for terminating Plaintiff's employment.

53.     Defendants' true motive for termination was that Plaintiff continued to object to his job duties being taken away in retaliation for refusing to work with a customer who had used the word "nigger," and objecting that his being further instructed to continue to service said customer was discriminatory.

54.     As a result of same, Plaintiff's statutory rights under the LAD to be free from discrimination and retaliation have been violated in a most egregious manner.

55.     Defendants' conduct was knowing, intentional, and occurred with actual malice and in flagrant disregard of Plaintiff's civil rights.

56.     Plaintiff has been damaged as a result.

57.     Plaintiff has suffered annoyance, inconvenience, stress, anxiety, depression, humiliation, physical pain and suffering, severe emotional distress and pecuniary loss.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative for compensatory damages, physical pain and suffering, back pay, front pay, punitive damages, interest, attorney's fees, costs of suit, an Order seeking Plaintiff to be reinstated to his position, and such other relief as is just and equitable.

## COUNT TWO

58.    Plaintiff incorporates Paragraphs 1 through 57 as though fully set forth at length herein.

59.    At all material times herein, Defendants had an affirmative duty under the New Jersey Conscientious Employee Protection Act (CEPA) to refrain from subjecting employees to adverse employment actions in retaliation for employees engaging in CEPA protected conduct.

60.    Plaintiff engaged in CEPA protected conduct by reporting the use of a racial slur by a customer.

61.    Plaintiff engaged in additional CEPA protected conduct by objecting that being further instructed to service said customer was discriminatory.

62.    Plaintiff engaged in additional CEPA protected conduct by objecting that his commercial driving duties were being taken away in retaliation for his report of discrimination.

63.    The decision to terminate Plaintiff's employment was motived in whole or in part and would not have been made but-for Plaintiff's CEPA protected conduct.

64.    As a result of same, Plaintiff's right to be free from retaliation under CEPA has been violated in a most egregious manner.

65.    Defendants' conduct was knowing, intentional, and occurred with actual malice and in flagrant disregard for Plaintiff's civil rights.

66.    Plaintiff has been damaged as a result.

67.    Plaintiff has suffered annoyance, inconvenience, stress, anxiety, depression, humiliation, physical pain and suffering, severe emotional distress and pecuniary loss.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative for compensatory damages, physical pain and suffering, back pay, front pay, punitive damages, interest, attorney's fees, costs of suit, an Order seeking Plaintiff to be reinstated to his position, and such other relief as is just and equitable.

AIELLO HARRIS
Attorneys for Plaintiff

BY:_____
SEBASTIAN B. IONNO

Dated: 3/11/22

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

BY:_____
SEBASTIAN B. IONNO

Dated: 3/11/22

### DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Sebastian B. Ionno, Esquire as trial counsel in this matter.

BY:_____
SEBASTIAN B. IONNO

Dated: 3/11/22

8

## **CERTIFICATION**

The undersigned counsel certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to the present action at this time. I certify the foregoing to be true. I am aware if the above is willfully false, I am subject to punishment.

BY:_____
SEBASTIAN B. IONNO

Dated: 3/11/22

## **RULE 1:4-8 DEMAND**

Plaintiff and his counsel hereby demand, pursuant to Rule 1:4-8, that the defendants or their agents, servants, or employees, or attorneys provide any and all facts and documents upon which they base any contention that this Complaint was instituted or continued in whole or in part for improper reasons, or that the claims are, in whole or in part, frivolous or without basis in law or fact.

BY:_____
SEBASTIAN B. IONNO

Dated: 3/11/22

**LUM, DRASCO & POSITAN LLC**
Elizabeth Y. Moon, Esq.
Attorney ID: 028272007
103 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1049
(973) 403-9000
(973) 403-9021 (Fax)
emoon@lumlaw.com
*Attorneys for Defendant, AutoZoners LLC*

|  |  |
|---|---|
| WILLIAM ACEVEDO AYALA,<br><br>                    Plaintiff,<br><br>        v.<br><br>AUTOZONERS, LLC, JOHN (LAST NAME UNKNOWN), ABUID REYES, TAMMY WEAVER, AND JOHN DOES 1-25, INCLUSIVE, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CUMBERLAND COUNTY<br>DOCKET NO.: CUM-L-000022-22<br><br><br><br>Civil Action<br><br><br>**ORDER** |

THIS MATTER having been opened to the Court upon motion of Lum, Drasco & Positan LLC, attorneys for Defendant, AutoZoners, LLC (collectively "Defendant"), on notice to Sebastian B. Ionno, II, Esq., Aiello, Harris, Marth, Tunnero & Schiffman, P.C., attorneys for Plaintiff, William Acevedo Ayala ("Plaintiff"), for an order granting Defendant's Motion for *Pro Hac Vice* Admission of Tracy E. Kern, Esq. and Laurie M. Riley, Esq., and the Court having considered the motion papers, any opposition filed thereto, oral argument, if any, and for good cause shown;

IT IS on this ____13____ day of May 2022,

**ORDERED** that Defendant's Motion for the *Pro Hac Vice* Admission of Tracy E. Kern, Esq. and Laurie M. Riley, Esq. is hereby **GRANTED**; and it is further

**ORDERED** that Tracy E. Kern, Esq. and Laurie M. Riley, Esq. be and hereby are admitted

to practice before this Court *pro hac vice* pursuant to R. 1:21-2 for all purposes and in all proceedings and are authorized to appear and participate with other counsel for Defendant in all phases of the case and trial, subject to the following conditions:

1.      Tracy E. Kern, Esq. and Laurie M. Riley, Esq. shall abide by the New Jersey Court Rules including R. 1:20-1 and R. 1:28-2 and all disciplinary rules;

2.      Tracy E. Kern, Esq. and Laurie M. Riley, Esq. consent to the appointment of the Clerk of the Supreme Court as their agent upon whom service of process may be made for all actions against them or their law firm that may arise out of their participation in the matter;

3.      Tracy E. Kern, Esq. and Laurie M. Riley, Esq. shall immediately notify the court of any matter affecting their standing at the Bar of any other jurisdiction.

4.      Tracy E. Kern, Esq. and Laurie M. Riley, Esq. shall have all pleadings, briefs and other papers filed with the Court signed by an attorney authorized to practice in New Jersey, who shall be held responsible for them, the conduct of the litigation, and the attorneys admitted herein;

5.      Unless already paid, Tracy E. Kern, Esq. and Laurie M. Riley, Esq. must, within ten (10) days, pay the fees required by R. 1:20-1(b) and R. 1:28-2;

6.      Non-compliance with any of the terms of this order shall constitute grounds for removal; and it is further

ORDERED that a copy of this Order shall be served, in accordance with R. 1:5-1(a), on all parties who have not been electronically served nor served personally in court within 7 days after the date it was signed.

*/S/ James R Swift*

HONORABLE JAMES R. SWIFT, J.S.C.

( ) Opposed
(x) Unopposed

**CUMBERLAND COUNTY SUPERIOR COURT**
**CIVIL CASE MANAGEMENT**
**60 W BROAD ST**
**BRIDGETON         NJ 08302**

                                    **DISMISSAL NOTICE**

**TELEPHONE - (856) 878-5050,KIMBERLY A. MURPHY   TEAM 101**
**COURT HOURS:  8:30 AM - 4:30 PM**

                **DATE: MAY 27, 2022**
                  **RE: ACEVEDO AYALA WILLIAM  VS AUTOZONE, INC.**
                **DOCKET: CUM L -000022 22**
                **PARTY:    AUTOZONE, INC.    J LAST NAME UNKNOWN  A REYES              T**
**WEAVER**

            **PLEASE TAKE NOTICE THAT ON JULY 26, 2022      (60 DAYS FROM DATE OF**
**THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF**
**PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION**
**REQUIRED UNDER THE ABOVE RULES IS TAKEN.**

      **HON JAMES R. SWIFT**                                    **ATT: DEBRA R. HIGBEE**
                                                               **IONNO & HIGBEE ATTORNEYS**
_____
**AT LA**
          **JUDGE**                                            **140 S BROADWAY**
                                                               **SUITE 5**
                                                               **PITMAN        NJ 08071**

**LUM, DRASCO & POSITAN LLC**
Elizabeth Y. Moon, Esq.
Attorney ID: 028272007
103 Eisenhower Parkway, Suite 401
Roseland, NJ  07068-1049
(973) 403-9000
(973) 403-9021 (Fax)
*Attorneys for Defendant, AutoZoners, LLC*

| | |
|---|---|
| WILLIAM ACEVEDO AYALA, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CUMBERLAND COUNTY DOCKET NO.: CUM-L-000022-22 |
| Plaintiff, | |
| v. | Civil Action |
| AUTOZONERS, LLC, JOHN (LAST NAME UNKNOWN), ABUID REYES, TAMMY WAVER, AND JOHN DOES 1 THROUGH 25, INCLUSIVE, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE, | **STIPULATION EXTENDING TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND PURSUANT TO <u>R.</u> 4:6-1(c)** |
| Defendants. | |

It is hereby stipulated by and between the attorneys for Plaintiff, William Acevedo Ayala, ("Plaintiff") and Defendant, AutoZoners, LLC ("Defendant") that the time within which Defendant may serve and file a responsive pleading or otherwise respond to the Complaint filed by Plaintiff is hereby extended by sixty (60) days to June 3, 2022, pursuant to <u>R.</u> 4:6-1(c).

AIELLO, HARRIS, MARTH, TUNNERO, & SCHIFFMAN, P.C.
*Attorneys for Plaintiff, William Acevedo Ayala*

LUM, DRASCO & POSITAN LLC
*Attorneys for Defendant, AutoZoners, LLC*

By:  /s/ Sebastian B. Ionno
　　　SEBASTIAN B. IONNO II, ESQ.

By: _____
　　　ELIZABETH Y. MOON, ESQ.

Dated: March  16 , 2022

Dated: March  16 , 2022

614641_1

**LUM, DRASCO & POSITAN LLC**
Elizabeth Y. Moon, Esq.
Attorney ID: 028272007
103 Eisenhower Parkway, Suite 401
Roseland, NJ  07068-1049
(973) 403-9000
(973) 403-9021 (Facsimile)
emoon@lumlaw.com

And

**JONES WALKER LLP**
Tracy E. Kern, Esq. (admitted *pro hac vice*)
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
(504) 582-8134
(504) 589-8134 (Facsimile)
tkern@joneswalker.com

Laurie M. Riley, Esq. (admitted *pro hac vice*)
201 S. Biscayne Boulevard, Suite 3000
Miami, FL 33131
(305) 679-5728
(305) 679-5816 (Facsimile)
lriley@joneswalker.com

*Attorneys for Defendant, AutoZoners, LLC*

| | |
|---|---|
| WILLIAM ACEVEDO AYALA,<br><br>Plaintiff,<br>v.<br><br>AUTOZONERS, LLC., JOHN (LAST NAME UNKNOWN), ABUID REYES, TAMMY WEAVER, AND JOHN DOES 1-25, INCLUSIVE, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CUMBERLAND COUNTY<br>DOCKET NO.: CUM L-000022 22<br><br>Civil Action<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT, DESIGNATION OF TRIAL COUNSEL, AND DEMAND PURSUANT TO RULE 1:4-8** |

Defendant, AutoZoners, LLC ("AutoZone"), by and through its undersigned counsel,

hereby submits this Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

AutoZone denies each and every allegation unless specifically admitted, qualified, or otherwise answered herein. AutoZone states and alleges as follows:

### COUNT ONE

1.      AutoZone admits that Plaintiff was employed by AutoZone.  AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint and Plaintiff is left to his proofs.

2.      AutoZone admits it conducted business in New Jersey and was the employer of Plaintiff, Abiud Reyes, and Tammy Weaver.  AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the employer of "John" and Defendants John Does 1-25 and Plaintiff is left to his proofs.  AutoZone denies the remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.      AutoZone denies that Plaintiff's statutory and civil rights were violated.  AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint and Plaintiff is left to his proofs.

4.      AutoZone admits that at a point in time, Ms. Weaver was a Store Manager of AutoZone's Millville store and the highest-level management employee onsite when she was present and working.  AutoZone denies the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and specifically denies that Plaintiff's statutory and civil rights were violated.

5.      AutoZone admits that Mr. Reyes is a District Manager and that, at one point in time, Ms. Weaver reported to him.  AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "John" and Plaintiff is left to his proofs. AutoZone

denies remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint and specifically denies that Plaintiff's statutory and civil rights were violated.

6.      AutoZone admits Plaintiff is a member of a protected class. AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff is African-American.

7      The allegations contained in Paragraph 7 of Plaintiff's Amended Complaint do not require a response as they call for a legal conclusion. To the extent a response is required, AutoZone admits that the New Jersey Law Against Discrimination ("LAD") includes statutory provisions which protect employees from adverse employment action or disparate treatment based on membership in a protected class. AutoZone denies the remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint and specifically denies that Plaintiff was subjected to any adverse employment action or disparate treatment based on his alleged membership in a protected class.

8.      AutoZone denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9.      AutoZone denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10.     The allegations contained in Paragraph 10 of Plaintiff's Amended Complaint do not require a response as they call for a legal conclusion. To the extent a response is required, AutoZone admits that the LAD includes statutory provisions which prohibit adverse employment actions in retaliation for engaging in protected activity, which is conducted on a good faith, reasonable basis. AutoZone denies the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and specifically denies that Plaintiff was subjected to an adverse

employment action in retaliation for engaging in protected conduct.

11.     AutoZone denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.     AutoZone denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.     AutoZone admits the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.     AutoZone admits the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.     AutoZone denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.     AutoZone admits that in April of 2020, Plaintiff was delivering parts to a customer. AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint and Plaintiff is left to his proofs.

17.     AutoZone denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.     AutoZone admits that Plaintiff reported what he claims the customer said and that Plaintiff stated he did not want to make deliveries to that customer.  AutoZone denies the remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint and Plaintiff is left to his proofs.

19.     AutoZone denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. AutoZone denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint and Plaintiff is left to his proofs.

22. AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint and Plaintiff is left to his proofs.

23. AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and Plaintiff is left to his proofs.

24. AutoZone admits that in April of 2020, Plaintiff made a complaint.  AutoZone denies the remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. AutoZone admits that Plaintiff asked not to have to make deliveries to a customer. AutoZone denies the remaining allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. AutoZone denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. AutoZone denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. AutoZone denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. AutoZone admits that in November of 2020, Plaintiff alleged that his driving duties

had been removed.  AutoZone lacks knowledge or information sufficient to form a belief as to the trust of the allegations as to "Defendant John" and Plaintiff is left to his proofs.  AutoZone denies the remaining allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.    AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to "Defendant John" and Plaintiff is left to his proofs.  AutoZone denies the remaining allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.    AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to "defendant John" and Plaintiff is left to his proofs.  AutoZone denies the remaining allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.    AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to "defendant John" and Plaintiff is left to his proofs.  AutoZone denies the remaining allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.    AutoZone admits that Plaintiff asked to be transferred from the Glassboro store to another store.  AutoZone lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to "defendant John" and Plaintiff is left to his proofs.  AutoZone denies the remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34.    AutoZone admits the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35.    AutoZone admits that Plaintiff continued to be a commercial driver at the Millville store.  AutoZone denies the remaining allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.    AutoZone admits the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37.     AutoZone denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38.     AutoZone denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39.     AutoZone admits that in November of 2020, Plaintiff made a complaint. AutoZone denies the remaining allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.     AutoZone denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.     AutoZone denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42.     AutoZone denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43.     AutoZone denies the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44.     AutoZone denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.     AutoZone denies the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46.     AutoZone admits the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47.     AutoZone admits that Plaintiff was told he was terminated. AutoZone denies the remaining allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     AutoZone denies the allegations contained in Paragraph 48 of Plaintiff's Amended

Complaint.

49.     AutoZone denies the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

50.     AutoZone denies the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51.     AutoZone denies the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52.     AutoZone denies the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53.     AutoZone denies the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54.     AutoZone denies the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55.     AutoZone denies the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56.     AutoZone denies the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57.     AutoZone denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

AutoZone is not called upon to admit or deny the prayer for relief contained in Plaintiff's Amended Complaint, but affirmatively states that Plaintiff's Amended Complaint is neither appropriate nor justified, and there are no facts or laws warranting the granting of Plaintiff's prayer for relief.

**COUNT TWO**

58.     To the extent applicable, AutoZone incorporates by reference its answers to Paragraphs 1 through 57 and its Affirmative Defenses as if fully restated herein.

59.     The allegations contained in Paragraph 59 of Plaintiff's Amended Complaint do not require a response as they call for a legal conclusion.  To the extent that a response is required, AutoZone admits that the New Jersey Conscientious Employee Protection Act ("CEPA") includes statutory provisions which prohibit adverse employment actions in retaliation for protected activity, which is conducted on a good faith, reasonable bases.  AutoZone denies the remaining allegations contained Paragraph 59 of Plaintiff's Amended Complaint and specifically denies that Plaintiff was subjected to an adverse employment action in retaliation for engaging in protected conduct.

60.     AutoZone denies the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61.     AutoZone denies the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62.     AutoZone denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63.     AutoZone denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64.     AutoZone denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.     AutoZone denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66.     AutoZone denies the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67.     AutoZone denies the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

AutoZone is not called upon to admit or deny the prayer for relief contained in Plaintiff's Amended Complaint, but affirmatively states that Plaintiff's Amended Complaint is neither appropriate nor justified, and there are no facts or laws warranting the granting of Plaintiff's prayer for relief.

## JURY TRIAL DEMAND

AutoZone avers that at least some of the issues presented by Plaintiff are not triable by a jury and, thus, denies that Plaintiff is entitled to a jury trial as to all issues arising from Plaintiff's Amended Complaint.

**WHEREFORE,** AutoZone demands judgment in its favor dismissing Plaintiff's Amended Complaint with prejudice and on the merits, that Plaintiff take nothing by his Amended Complaint, that the Court award AutoZone the costs and attorneys' fees that it incurs in this action, and that this Court grant such other and further relief as it deems just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

AND NOW, in further answer to Plaintiff's Amended Complaint, AutoZone asserts the following affirmative defenses:

AutoZone incorporates by reference its answers to Paragraphs 1 through 57 of the First Count, and Paragraphs 58 through 67 of the Second Count of Plaintiff's Amended Complaint as if set forth herein at length.

The following defenses are not stated separately as to each claim for relief or allegation of

Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, AutoZone, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon AutoZone, but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, AutoZone does not admit, in asserting any defense, any responsibility or liability of AutoZone but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent AutoZone discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge or other employment action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited in accordance with the after-acquired evidence doctrine.

### THIRD AFFIRMATIVE DEFENSE

AutoZone denies any and all liability to Plaintiff and further denies that Plaintiff has suffered any damages.  However, if liability is established, AutoZone is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings Plaintiff could have earned had he made a reasonable effort to mitigate his damages as required by law.

AutoZone is also entitled to any other additional offsets permissible under all applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

AutoZone denies any and all liability to Plaintiff and further denies that Plaintiff has suffered any damages.  However, if liability is established and to the extent Plaintiff has failed to reasonably mitigate his alleged damages as required by law, he is not entitled to an award of back pay or front pay.

## FIFTH AFFIRMATIVE DEFENSE

Any decisions concerning Plaintiff's employment were based on legitimate, non-discriminatory, non-retaliatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against AutoZone because Plaintiff's injuries and/or damages, if any, were proximately caused, in whole or in part, by unforeseeable, independent, intervening, and/or superseding events and/or by the unforeseeable, independent, intervening, and/or superseding acts and/or omissions of persons and/or entities other than AutoZone, over whom AutoZone had no control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory and punitive damages are subject to all applicable limitations and caps on the recovery of such damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged and cannot prove the level of conduct necessary to state a claim for punitive damages. Alternatively, Plaintiff's claim for punitive damages is barred by Rendine v. Pantzer, 141 N.J. 292 (1995), in that Plaintiff is unable to demonstrate actual participation or willful indifference by upper management and proof that the alleged conduct was malicious,

wanton, reckless, or especially egregious.

## NINTH AFFIRMATIVE DEFENSE

To the extent AutoZone's employees were acting outside the course and scope of their employment, AutoZone is not liable for their actions.

## TENTH AFFIRMATIVE DEFENSE

AutoZone cannot be held liable, pursuant to Aguas v. State, 220 N.J. 494 (2015), because, at all pertinent times, policies and procedures regarding the prohibition, reporting, and/or remediation of unlawful employment practices were in effect with respect to the employment decisions made the subject of this action, and Plaintiff was aware of those policies and procedures. AutoZone exercised reasonable care to prevent and promptly correct any alleged harassment or discrimination, and Plaintiff unreasonably failed to take advantage of either preventive or corrective opportunities provided by AutoZone or to otherwise avoid harm.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges he availed himself of any such reporting or complaint procedures, any such report or complaint was promptly and adequately investigated, and appropriate remedial measures were taken, if necessary.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's LAD retaliation claim is subsumed under his CEPA claim and/or Plaintiff waives his right to remedies under other laws pursuant to CEPA's waiver provision N.J.S.A. 34:19-8.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification, justification and/or the entire controversy doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks recovery for alleged injuries arising out of his employment (including but not limited to emotional distress damages), the exclusive remedy for such injury, if any, is the New Jersey Workers' Compensation Law. The Court lacks subject matter jurisdiction over any and all such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of Plaintiff's own actions and/or inactions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination, hostile work environment, or retaliation under the LAD and no facts exist to support such claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of retaliation under CEPA and no facts exist to support such a claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima face* case of retaliation under the LAD or CEPA because he did not have a reasonable, good-faith basis for his alleged complaint(s) or objection(s).

## NINETEENTH AFFIRMATIVE DEFENSE

AutoZone reserves the right to amend this Answer and Affirmative Defenses to assert any additional defenses, if and when, in the course of its investigation, discovery, or preparation for trial, such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

**WHEREFORE,** AutoZone respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice and on the merits and that it be awarded attorneys' fees and costs in

defending this action.

Respectfully submitted,

**LUM, DRASCO & POSITAN LLC**
*Attorneys for Defendant, AutoZoners, LLC*

ELIZABETH Y. MOON, ESQ.
A Member of the Firm

Dated: June 2, 2022

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding; nor is any other action or arbitration proceeding contemplated. Moreover, I presently am aware of no other party who should be joined in the within action.

I hereby further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LUM, DRASCO & POSITAN LLC**
*Attorneys for Defendant, AutoZoners, LLC*

ELIZABETH Y. MOON, ESQ.
A Member of the Firm

Dated: June 2, 2022

## DEMAND FOR STATEMENT OF DAMAGES

AutoZone demands that Plaintiff provide a written statement of the amount of damages claimed within five (5) days after service of this request, pursuant to R. 4:5-2.

**LUM, DRASCO & POSITAN LLC**
*Attorneys for Defendant, AutoZoners, LLC*

ELIZABETH Y. MOON, ESQ.
A Member of the Firm

Dated: June 2, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, ELIZABETH Y MOON, ESQ., is hereby designated trial counsel.

**LUM, DRASCO & POSITAN LLC**
*Attorneys for Defendant, AutoZoners, LLC*

ELIZABETH Y. MOON, ESQ.
A Member of the Firm

Dated: June 2, 2022

## CERTIFICATION OF SERVICE

I, ELIZABETH Y. MOON, hereby certify that the within Answer, Affirmative Defenses, Demand For Damages, and Designation of Trial Counsel were electronically filed with the Clerk of the Superior Court of New Jersey, Cumberland County, via eCourts within the time provided by the Rules of Court pursuant to <u>R.</u> 4:6-1 and that a true copy of same was served upon all other counsel of record.

I hereby further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LUM, DRASCO & POSITAN LLC**
*Attorneys for Defendant, AutoZoners, LLC*


ELIZABETH Y. MOON, ESQ.
A Member of the Firm

Dated: June 2, 2022

CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON        NJ 08302


TELEPHONE - (856) 878-5050 EXT. 15328,ERICA POLOFF        TEAM 101
COURT HOURS:  8:30 AM - 4:30 PM                           DATE JULY 29, 2022

DOCKET NO. CUM L -000022 22
NAME: ACEVEDO AYALA WILLIAM  VS AUTOZONE, INC.
PARTIES:   AUTOZONE, INC.    J LAST NAME UNKNOWN A REYES        T WEAVER


        IT IS HEREBY ORDERED THAT UNDER RULES 1:13-7 OR 4:43-2, THE ABOVE MATTER HAS BEEN
DISMISSED WITHOUT PREJUDICE AGAINST THE ABOVE PARTY OR PARTIES FOR LACK OF PROSECUTION.
JUDGMENTS PREVIOUSLY ENTERED IN THIS CASE ARE NOT AFFECTED BY THIS ORDER.

        A FORMAL NOTICE OF MOTION IS NOW REQUIRED TO RESTORE THIS PARTY TO ACTIVE TRIAL
STATUS.


        HON JAMES R. SWIFT                                ATT: DEBRA R. HIGBEE
                                                          IONNO & HIGBEE ATTORNEYS
AT LA
        JUDGE                                             140 S BROADWAY
                                                          SUITE 5
                                                          PITMAN        NJ 08071